**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 18 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re:  DAVID NOVAK,

Debtor.

------------------------------------

DAVID NOVAK; ESTATE OF
DR. ALFRED NOVAK, by his
authorized agent David Novak,

Appellants.

No. 03-3220

(D. Kansas)

(D.C. No. 03-CV-2013-GTV)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

David Novak, proceeding *pro se* and *in forma pauperis*,[1] appeals the district court's dismissal of his appeal from a decision of the bankruptcy court for failure to prosecute. This court **affirms**.

On June 13, 2003, the district court issued an order to show cause why Novak's bankruptcy appeal should not be dismissed for failure to prosecute. In response, Novak indicated that he had already filed appellate briefs in connection with two cases pending in this court. On July 8, 2003, the district court entered an order affirming the bankruptcy court and closing the case. In that order, the district court noted that it had previously explained to Novak that the cases then pending in the Tenth Circuit were entirely distinct from the appeal pending before the district court. Because the filing of briefs in this court had no bearing on Novak's failure to timely file an appeal brief in this particular matter, the district court concluded that Novak had failed to show good cause for his failure to prosecute this case. Because Novak had offered no valid excuse for his failure to prosecute this case and because there were no valid grounds for reversing the bankruptcy court's order, the district court affirmed the bankruptcy court and closed the case.

On appeal, Novak's sole contention is that the district court was wrong in asserting that it had previously indicated that this case was independent of the

___

[1]This court grants Novak's request to proceed on appeal *in forma pauperis*.

cases before the Tenth Circuit and that the district court had a duty to clear up the confusion. Novak's contention is not borne out by the record. In an order issued by the district court on March 27, 2003, the district court specifically informed Novak that this case was unrelated to the two cases that were pending before this court and further informed Novak that all further pleadings in this case should reflect the proper case number. Accordingly, Novak is simply wrong in asserting that he was never informed that this case was separate from other bankruptcy matters pending on appeal before this court. Novak has failed to demonstrate that the district court abused its discretion in deciding the appeal solely on the basis of the bankruptcy court's order without allowing him to file a brief out of time and has not even contested the merits of the district court's decision.

For those reasons set out above, the order of the United States District Court for the District of Kansas is hereby **AFFIRMED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge